RECEIVED
IN MONROE, LA
JAN 1 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JACQUELINE D. WILLIAMS | CIVIL ACTION NO. 06-1975 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AMERICA FIRST INSURANCE | MAG. JUDGE KAREN L. HAYES |

RULING

This is an employment discrimination and retaliation case brought by Plaintiff Jacqueline D. Williams ("Williams") against Defendant America First Insurance ("AFI") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 1981; and Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:332 ("LEDL").

Pending before the Court is AFI's unopposed Motion for Summary Judgment. [Doc. No. 13]. For the following reasons, AFI's Motion for Summary Judgment [Doc. No. 13] is GRANTED.

I. FACTS AND PROCEDURAL HISTORY

Williams is an African-American woman employed at AFI's regional office in Ruston, Louisiana. At the time she filed her Complaint, Williams had been employed by AFI or its predecessor companies for twenty-four years. Williams has held her current position of Senior Underwriting Assistant since 2001.

In February 2005, AFI posted an opening for an Underwriter III position. Williams submitted her resume and was interviewed for that job, but AFI hired Misty Mims instead.

On June 23, 2005, Kristy Golson, a member of the AFI hiring team, discussed the hiring criteria for underwriters with Williams. During that discussion, Williams was informed that AFI preferred to hire underwriters with either a college degree or equivalent work experience in a directly related underwriting position. Golson also told Williams that AFI preferred hiring underwriters who had earned professional designations.[1]

In July 2005, AFI posted another opening for an Underwriter III position. Once again, AFI interviewed Williams for that position. AFI, however, hired Wanda Davis in September 2005 instead of promoting Williams.

On December 1, 2005, Williams filed a charge of discrimination with the EEOC, alleging that AFI discriminated against her because of her race when it declined to promote her and hired Davis and Mims instead.

In January, Williams applied a third time for an Underwriter III position. AFI interviewed Williams for that position on January 10, 2006 ("January 10 interview"), but ultimately hired Pat Rector instead.

Sometime between December 2005 and March 2006, Williams applied for an Underwriter I/Trainee position, an entry-level position designed for recent college graduates. Instead of interviewing Williams for a fourth time, AFI relied on Williams's January 10 interview. In March 2006, AFI hired John Sheehan to fill the Underwriter I/Trainee position.

Finally, around April 2006, Williams applied for a Senior Underwriter position. Again

---

[1] Underwriters, and individuals looking for jobs as underwriters, may obtain professional designations, such as an Associates in Commercial Underwriting, earned by passing the AU65 examination (AU65 – Commercial Underwriting: Principles and Property). Williams took the AU65, but she failed the examination.

2

AFI chose not to interview Williams for the position and relied on her January 10 interview instead. Ultimately, AFI selected Barbara Hiser to fill the Senior Underwriter position.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard of Review

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be entered "if appropriate." Fed. R. Civ. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id. Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995).

However, Williams's failure to file an opposition and statement of contested material facts requires the Court to deem AFI's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

3

**B.    Race Discrimination Claims Under Title VII and LEDL**

Williams alleges she was denied a promotion based on her race. Title VII and the LEDL prohibit an employer from discriminating against any person in the terms and conditions of employment because of her race. See 42 U.S.C. § 2000e-2; La. Rev. Stat. § 23:332(A)(1).

In the absence of direct evidence, Williams may rely on the familiar McDonnell Douglas burden-shifting framework to establish a claim of race discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Therefore, Williams must first establish a prima facie case by showing that (1) she is a member of a protected class, (2) she was qualified for the promotion, (3) she was rejected despite her qualifications, and (4) the position was filled by someone outside her protected class. See Price v. Fed. Express Corp, 283 F.3d 715, 720 (5th Cir. 2002).

Once Williams establishes a prima facie case, AFI must offer a legitimate, non-discriminatory reason for its adverse employment decision. If AFI meets its burden, Williams must then offer sufficient evidence to create a genuine issue of material fact by either showing (1) that AFI's reason is not true, but is a pretext for discrimination; or (2) that AFI's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is race discrimination. Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (quoting Rishel v. Nationwide Mut. Ins. Co., 297 F. Supp. 2d 854, 865 (M.D.N.C. 2003)).

The Title VII framework also applies to the analysis of Williams's state law race discrimination claim as Louisiana courts frequently rely on federal anti-discrimination jurisprudence when interpreting the LEDL. See Smith v. AT&T Solutions, Inc., 90 Fed. Appx. 718, 723 (5th Cir. 2004) (citing Plummer v. Marriot Corp., 94-2025, pp. 6-7 (La. App. 4 Cir.

4

04/26/95); 654 So.2d 843, 848).

### 1. Non-discriminatory reasons for hiring

In its memorandum, AFI assumes for purposes of its motion that Williams has established a prima facie case. AFI, however, argues that there were legitimate non-discriminatory reasons for its hiring decisions.

Here, AFI asserts that its hiring decisions were based upon the applicants' experience and education and its standard hiring criteria, set forth in the Commercial Underwriting Profile for Success. Those criteria include: (1) selling and negotiations, (2) communications, (3) relationship management, (4) decision making, (5) organization and documentation, and (6) motivational fit. Each candidate AFI interviewed was evaluated based upon these criteria and awarded a score in each category between 1-5, with 5 being the highest.

#### a. April 2005 hiring of Misty Mims

AFI has presented evidence that it selected Misty Mims for the Underwriter III position because she was the most qualified candidate for the position. Mims scored 23 on the six hiring criteria, while Williams only scored 14. Mims also had a bachelor's degree, professional designations, and 12 years underwriting experience. Williams has not contested any of these facts. Indeed, at her deposition Williams conceded that Mims was more qualified for the Underwriter III position.

#### b. September 2005 hiring of Wanda Davis

AFI presented evidence that it selected Wanda Davis for the Underwriter III position because she was the most qualified applicant. Before accepting the job at AFI, Davis had worked as an underwriter at State Farm for thirty years, last holding the position of Senior Underwriting

5

Team Leader. Davis possessed two professional designations and had scored 24 on the interviewing criteria. Williams, on the other hand, scored 16 on the interview, had no professional designations, and had never worked as an underwriter.

### c. February 2006 hiring of Pat Rector

AFI presented evidence that it selected Pat Rector because he was the most qualified applicant for the job. At the time of his interview, Rector had seven years experience as an underwriter, had previously worked for AFI as a personal lines Senior Underwriter, had a business college certificate, and had two professional designations. Further, Rector earned a 25 on the hiring criteria, while Williams only scored 15.

### d. March 2006 hiring of John Sheehan

AFI presented evidence that John Sheehan was hired because he was the best candidate for the underwriting trainee program, a program designed for recent college graduates. Id. at 9. Sheehan scored 25 on the hiring criteria, whereas Williams had only scored 15 in her most recent interview. Id. at 6-9. Sheehan had a bachelor's degree and was working toward his MBA. Id. at 9. Williams conceded that, at best, she and Sheehan were equally qualified.

### e. April 2006 hiring of Barbara Hiser

AFI presented evidence that it selected Barbara Hiser because she was the most qualified candidate for the position of Senior Underwriter, which is the most experienced underwriting position at AFI. Hiser, unlike Williams, had a Master's degree, professional designations, and several years experience as a commercial underwriter. Williams conceded that Hiser was more qualified and that AFI's decision to hire her was not race based.

Accordingly, the Court finds that AFI has presented legitimate non-discriminatory

6

reasons for its hiring decisions, and that the burden shifts to Williams to show that those reasons were pretext for discrimination.

### 2. Evidence of Pretext

There is no evidence that AFI's reasons for declining to promote Williams are pretextual. Courts can infer pretext in a failure to promote case if the plaintiff is clearly better qualified than the selected applicant. See Deines v. Tex. Dep't of Protective & Regulatory Servs., 164 F.3d 277, 279 (5th Cir. 1999) (unless "plaintiff [is] clearly better qualified," "differences in qualifications . . . are generally not probative evidence of discrimination . . . ."). Here, the Court cannot infer pretext because Williams was not clearly better qualified than the other applicants. Although Williams had been employed by AFI for a longer period of time, her experience did not equate with the normal qualifications of an underwriter, such as a bachelor's degree, professional designations, and experience as an underwriter. Nichols v. Lewis, 138 F.3d 563 (5th Cir. 1998) (noting that "an attempt to equate years served with qualifications is unpersuasive.") (internal quotations and ellipses omitted). The Court finds that Williams has not established pretext.

### C. Retaliation Claims

Williams also claims that in retaliation for filing her December 1, 2005 EEOC charge, AFI hired Rector, Sheehan, and Hiser in 2006 instead of promoting her. Williams also claims that AFI retaliated against her by declining to interview her before hiring Sheehan and Hiser.

To establish a retaliation claim under § 1981 and Title VII[2] Williams must show (1) that she engaged in a protected activity, (2) that an adverse employment action occurred, and (3) that

---

[2] Williams has not alleged a state law claim of retaliation.

7

a causal link existed between the protected activity and the adverse action. Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002); Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 519 (5th Cir. 2001). Assuming that Williams can establish her prima facie case, the burden then shifts to AFI to demonstrate a legitimate non-retaliatory reason for the employment action. Gee, 289 F.3d at 345 (quoting Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir.2001)). If AFI satisfies this burden, Williams must prove that the AFI's stated reason for the adverse action was merely a pretext for the real, retaliatory purpose. Id.

Assuming that Williams has established a prima facie case of retaliation, AFI has presented legitimate reasons for hiring Rector, Sheehan, and Hiser. AFI believed that all three candidates were more qualified than Williams. Indeed, Williams concedes that Hiser was more qualified. Sheehan was also selected because he was more qualified than Williams; he scored higher than Williams on the interview criteria, he had a bachelor's degree, and he was pursuing further education. Rector, too, was more qualified than Williams. Rector had professional designations, experience as an underwriter, and scored higher on the interview criteria.

AFI also presented legitimate reasons for its decision not to interview Williams before hiring Sheehan and Hiser. Prior to selecting Sheehan and Hiser, AFI had already interviewed Williams for three similar positions. AFI believed that her three prior interviews were sufficient to make a decision about her promotion. Williams has not come forth with any evidence suggesting that these reasons are pretextual, and the Court finds no such evidence in the record.

### III.  CONCLUSION

For the foregoing reasons, AFI's unopposed Motion for Summary Judgment [Doc. No. 13] is GRANTED, and Williams's claims against it are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this \_\_\_17\_\_\_ day of \_\_\_January\_\_\_, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

9